
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 1 6 2019

JULIA C. DUDLEY, CLERK
BY: H McDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:12-cr-00025-2 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAUL MAGALLANES-FLORES, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Court |
| | ) | |
| Petitioner. | ) | |

This matter is before the Court on Petitioner Raul Magallanes-Flores ("Petitioner") Motion to Vacate Pursuant to 28 U.S.C. § 2255 [ECF No. 110], as well as the government's Motion to Dismiss Petitioner's § 2255 motion [ECF No. 115]. Having fully considered the record, the arguments of the parties, and the applicable law, I will grant the government's motion and dismiss Petitioner's motion to vacate.

### I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On October 18, 2012, Petitioner was indicted in a one-count Indictment with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) & 846. [ECF No. 3.] Under the applicable law, the maximum penalty for the charged offense was life imprisonment. As part of normal plea negotiations with the government, Petitioner was presented a plea offer in which he would agree to plead guilty to Count 1 of the Indictment, subject to certain agreements regarding the applicable Guidelines calculations. Petitioner rejected this agreement, he claims, because of the possibility of life imprisonment attendant to a finding of guilt on Count 1.

In January of 2016, Petitioner accepted the government's second plea offer and entered a plea of guilty to conspiring to distribute cocaine in violation of 21 U.S.C. § 846 & 841(b)(1)(C), a

lesser-included offense of Count 1 of the Indictment. [See ECF No. 72.] The maximum statutory penalty for this charge was imprisonment for 20 years and/or a fine of $1,000,00, which would be followed by at least three years of supervised release. Id.

At his guilty plea hearing, I reviewed Petitioner's plea agreement with him and Petitioner attested to the following statement: "My plea of guilty is made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed here in open court." [ECF No. 94.] On July 14, 2016, Petitioner was sentenced to 235 months, which was the low-end of his applicable Guidelines range. Petitioner appealed his conviction and sentence, but his appeal was dismissed. United States v. Magallanes-Flores, 687 F. App'x 233 (4th Cir. 2017) (per curiam) (unpublished), aff'd sub nom. Magallanes-Flores v. United States, 138 S. Ct. 275 (2017).

On October 2, 2018, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 [ECF No. 110]. Petitioner asked the Court to vacate his plea and permit him to accept the government's initial plea offer, which he previously rejected. Petitioner claims that his rejection of the first offer was because his attorney failed to explain the applicability of the Guidelines and the likelihood of receiving the maximum term of imprisonment related to the government's first offer (life imprisonment), which resulted in him rejecting what he contends was a better agreement with the government.

In November of 2018, Petitioner presented the court with a copy of the government's first offer in support of his claim of ineffective assistance of counsel. [ECF No. 113.] After reviewing the briefs and submissions of the parties, this matter is ripe for disposition.

**II. STANDARD OF REVIEW**

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S.

152, 164 (1982). Nevertheless, federal convicts in custody may attack the validity of their federal sentences via 28 U.S.C. § 2255. "Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure." United States v. Martinez-Romero, No. 4:10-cr-20, 2012 WL 4470454, at *5 (W.D. Va. July 12, 2012) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979) (Report & Recommendation), adopted by 2012 WL 4459553 (W.D. Va. July 30, 2012). In a § 2255 motion to vacate, set aside, or correct a sentence, Petitioner bears the burden of proving that: (1) the district court imposed a sentence in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose a sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (2018).

### III. **DISCUSSION**

In Petitioner's § 2255 motion to vacate, Petitioner contends he rejected the government's initial offer because his attorney failed to explain how the Guidelines would impact his sentence.

One's right to counsel includes the right to effective counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). In considering claims of ineffective assistance of counsel, it is important to note that "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

To establish ineffective assistance of counsel, Petitioner must satisfy the two-pronged test established by the Supreme Court of the United States in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner first must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The measurement of counsel's reasonableness is based on

professional norms. Id. To satisfy prong one, Petitioner must show actual evidence that counsel's representation was unreasonable based on these norms. Id.

If Petitioner satisfies prong one by showing prejudice, he must then show "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The alleged errors must have a direct effect on the proceeding's outcome. Cf. United States v. Morrison, 449 U.S. 361, 364 (1981) (an error by counsel does not warrant setting side the judgment of a criminal proceeding if the error had no effect).

In the context of plea deals and plea negotiations, to establish that counsel's allegedly ineffective assistance prejudiced him, Petitioner must show: (1) there is reasonable probability he would have accepted the initial offer, (2) there is a reasonable probability the government and the court would have accepted the agreement, and (3) a reasonable probability that the result would have been a "sentence of less prison time." Missouri v. Frye, 566 U.S. 134, 148–150 (2012).

Even assuming that Petitioner has met his burden to show a reasonable probability that he would have accepted the government's initial plea offer and that the government and the court would have permitted the agreement to stand, Petitioner has not established a reasonable probability that he would have been sentenced to a shorter prison sentence.

In the government's first plea offer, Petitioner was to agree to a Base Offense Level of 36 based on the weight of the drug for which Petitioner was found to be responsible. Two enhancements were to be added to Petitioner's Base Offense Level. First, Petitioner would be considered a leader, manager, and/or organizer of the criminal activity. This enhancement would add two points. Petitioner would also receive an additional two points for possessing a dangerous firearm. Petitioner would then be credited three points for acceptance of responsibility. Under this

plea agreement, Petitioner's Total Offense Level would have been 37. With a criminal history category I, which was determined later, Petitioner's Custody Range would have been 210–262 months.

The government's second offer, in which Petitioner would plead guilty to the lesser-included offense of Count I, did not have specific stipulations for drug weight or enhancements. Rather, the parties were permitted to argue for a greater or lesser Guidelines calculation (based on drug weight and any other relevant factors) based on the evidence. At sentencing, the court found Petitioner's Base Offense Level to be 38. Due to Petitioner's position as a leader, manager, and/or organizer, three points were added to Petitioner's Base Offense Level. Petitioner received a three-point reduction for his agreement to accept responsibility. As a result, Petitioner's Total Offense Level was 38. Petitioner's Custody Range, with his criminal history category, was 235–293 months, but because the agreement explicitly stated a maximum statutory limit of imprisonment of 20 years, his Guidelines range became 235–240 months.

Based on the evidence before the Court, I conclude that Petitioner's assertion of ineffective assistance of counsel is unsupported. Even granting that Petitioner has shown that, but for his counsel's alleged errors he would have accepted the government's initial offer, and even assuming that the court would have accepted the plea, Petitioner has failed to show that he would have received a sentence at the low end of the agreed-upon Guidelines range.

Even if Petitioner's counsel had advised him not to accept the government's first offer, which he does not allege, Petitioner was not guaranteed a lesser sentence if he accepted the government's first offer. If Petitioner had accepted the government's first offer Petitioner could have been sentenced to a within-Guidelines sentence of 262 months, which is higher than the 20-year maximum of imprisonment explicitly agreed upon in the accepted offer. Although the

minimum sentence from the first offer was 210 months rather than 235 months, there is no guarantee the court would have sentenced Petitioner to the minimum Guidelines sentence, or to a sentence within the Guidelines at all. Because of this uncertainty, there can be no guarantee. Petitioner has not shown that he was prejudiced by his counsel, which means he fails the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984).

Moreover, the sentence Petitioner did receive—235 months—was a sentence within the applicable Guidelines range of the government's first offer (210–262 months). It is difficult to see how ultimately receiving a sentence within the Guidelines range of the offer he rejected amounts to ineffective assistance of counsel. Cf. Rita v. United States, 551 U.S. 338, 346–47 (2007) (holding that a "presumption of reasonableness" applies to a "within-Guidelines" sentence).

Additionally, while the government's initial plea offer would have resulted in a lower Guidelines calculation, the second offer resulted in a definite cap on the amount of prison time to which Petitioner was exposed. Considering Petitioner's claim that he was concerned about the possibility of a sentence of life imprisonment, it could be argued that his counsel negotiated a plea that directly addressed Petitioner's stated concern. I cannot conclude, as a matter of law, that trading an increased low-end for a statutory cap that directly addressed Petitioner's concerns about the maximum term of imprisonment to which he would be exposed amounts to ineffective assistance of counsel. On the contrary, considering the concerns Petitioner claims drove his initial rejection of the government's first plea offer, the evidence suggests his attorney negotiated a plea in line with Petitioner's concerns. Petitioner's claim of ineffective assistance of counsel lacks support, the government's motion to dismiss will be granted, and Petitioner's Motion to Vacate will be dismissed.

## IV. CONCLUSION

Petitioner has failed to show that, had he accepted the government's initial plea offer, he would have received a lesser sentence. Rather, all he has shown is that he did receive a sentence that was within the range of the government's initial offer. He has failed to show the necessary prejudice required under Strickland, and his Motion to Vacate will be dismissed.

The clerk is instructed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

**ENTERED** this 16th day of July, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE