June 10, 2024

LAURA A. AUSTIN, CLERK
BY KRISTIN AYERSMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 4:12-cr-00025 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| RAUL MAGALLANES-FLORES, | ) Chief United States District Judge |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

This matter comes before the court on defendant Raul Magallanes-Flores' motion for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines ("USSG" or "guidelines"), ECF No. 127. Magallanes-Flores filed his motion pro se and the Federal Public Defender filed a supplemental brief on his behalf. ECF No. 139. The government filed a brief opposing a sentence reduction, ECF No. 137, and also filed a reply to Magallanes-Flores' brief, ECF No. 140. For the reasons stated below, the court **DENIES** Magallanes-Flores' motion for a sentence reduction under Amendment 821 to the guidelines.

### I. BACKGROUND

On December 18, 2012, Magallanes-Flores and two codefendants were indicted on one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and all in violation of 21 U.S.C. § 846. Indictment, ECF No. 3. On January 19, 2016, Magallanes-Flores entered into a non-binding plea agreement where he pled guilty to the lesser included offense of conspiring to distribute a measurable quantity of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Magallanes-Flores faced a statutory maximum sentence of 20 years. Pre-Sentence Investigation Report (PSR), ECF No. 87 ¶ 60; 21 U.S.C. § 841(b)(1)(C). He had an offense

level of 38 based on drug weight of 450 kilograms of cocaine. PSR, ECF No. 87 ¶ 33. He received a 3-level increase under USSG § 3B1.1(b) for his role as a manager or supervisor in the offense and because the criminal activity involved five or more participants or was otherwise extensive. Id. ¶ 36. He received a 3-level decrease for acceptance of responsibility, leaving him with a total offense level of 38. Id. ¶ 40–42. Magallanes-Flores received zero criminal history points, giving him a criminal history category of I. Id. ¶¶ 45, 46. His criminal history category together with his total offense level resulted in a sentencing range of 235 to 280 months. However, because the statutory maximum sentence was 20 years, his guidelines range was 235 to 240 months under USSG § 5G1.1(c)(1). PSR, ECF No. 87 ¶ 61.

On July 14, 2016, Magallanes-Flores was sentenced to a term of 235 months, to be followed by a 3-year term of supervised release. J., ECF No. 80. Magallanes-Flores sought post-conviction relief in the form of a direct appeal and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, both of which were denied. ECF Nos. 101, 102, 107, 110, 125, 126.

Magallanes-Flores is incarcerated at Federal Correctional Institution Yazoo City Low II and has a projected release date of June 7, 2031.[1] The United States Immigration and Customs Enforcement agency has filed a detainer against Magallanes-Flores and he is subject to possible deportation. Resp. to Amd. 821 Notice, ECF No. 139-1 at 1.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Raul Magallanes-Flores") (last viewed June 6, 2024).

2

## II. ANALYSIS

### A. 18 U.S.C. § 3582(c)(2) and USSG §1B1.10

Magallanes-Flores seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision of the statute provides that the court may not modify a term of imprisonment once it has been imposed except in certain circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), ..., the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement is found at USSG § 1B1.10. In Dillon v. United States, 560 U.S. 817 (2010), the Court discussed the reach of § 3582(c)(2).

> By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission. Compare 28 U.S.C. § 994(a)(2)(C) (referring to § 3582(c)(2) as a "sentence modification provisio[n]") with 18 U.S.C. § 3742(f) (authorizing courts of appeals to remand "for further sentencing" upon a finding of error) and § 3742(g) (establishing the terms of "sentencing upon remand" and describing the proceeding as a "resentenc[ing]" (capitalization omitted)). It is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission. Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.

Id. at 825–26. Analysis of a § 3582(c)(2) motion requires courts to perform a two-step inquiry. "A court must first determine that a reduction is consistent with § 1B1.10 before it may

3

consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id. at 826. In making the first determination, the court must determine the defendant's eligibility for a sentence modification and the extent of the modification. Id. at 827.

> Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

Id. At step two of the inquiry, a court may consider any applicable § 3553(a) factors and determine whether, it its discretion, the reduction authorized in step one is warranted in whole or in part under the circumstances of the case. Id.

### B. Amendment 821

Magallanes-Flores argues that he is entitled to a sentence reduction under Amendment 821 to the guidelines. Effective November 1, 2023, the United States Sentencing Commission amended Chapter 4 of the sentencing guidelines which addresses a defendant's criminal history. See Amendment 821, USSG Supp. to App. C (Nov. 2023). The Commission made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, allowing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). See USSG §1B1.10(d).

Part A of Amendment 821 limits the overall criminal history impact of "status points," resulting in a reduced criminal history score. USSG §4A1.1(e). As Magallanes-Flores did not

4

receive any "status points," the parties agree that Part A of Amendment 821 is not applicable to him.

The change implemented by Part B of Amendment 821 is found at USSG § 4C1.1 and provides a decrease of two levels from the offense level determined under Chapters Two and Three for a defendant who did not receive any criminal history points under Chapter Four, Part A, and whose offense of conviction did not involve specific aggravating factors. Magallanes-Flores argues that he is entitled to a sentence reduction under Part B of Amendment 821 and the government argues that he is not entitled to such relief.

The revised guideline at USSG § 4C1.1 sets out the following:

> (a) Adjustment.--If the defendant meets all of the following criteria:
>
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

The parties agree that Magallanes-Flores is a zero-point offender and also agree that none of the conditions described in USSG § 4C1.1(a)(2) through (9) apply. The issue here is whether USSG § 4C1.1(a)(10) precludes Magallanes-Flores from receiving a sentence reduction.

Magallanes-Flores received a 3-level adjustment to his sentence under USSG § 3B1.1 for his role as a manager or supervisor in the drug conspiracy. PSR, ECF No. 87 ¶ 36. He argues that under § 4C1.1(a)(10) he nevertheless qualifies for a sentence reduction because that provision requires that he must have received an adjustment under § 3B1.1 <u>and</u> must have been engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. He asserts that analysis of the guideline demonstrates that subsection (a)(10) "represents a single criterion, both aspects of which are required." Resp., ECF No. 139 at 3. He adds that if the Sentencing Commission meant to exclude people with either an aggravating role enhancement or those engaged in a continuing criminal enterprise, it would have used "or" in the subsection, as it did in subsection (a)(9). He also points out that the Commission could have listed the provisions separately as it did in subsections (2) through (8). <u>Id.</u>

6

The government counters that Magallanes-Flores is misreading the guideline provision. In the government's view, USSG § 4C1.1(a) requires a defendant to demonstrate he satisfies all the criteria listed in subsections (1) through (10) and that subsection (10) has two sub-criteria that must be satisfied. In other words, the defendant must show that he did not receive an enhancement for leadership <u>and</u> that he was not engaged in a continuing criminal enterprise. Reply, ECF No. 140 at 1.

The court believes that the government's reading of the guideline is correct. In order to receive the reduction, a defendant must show that he did <u>not</u> engage in a list of particular activities when executing his offense. For example, the defendant must show that he did <u>not</u> receive an adjustment for terrorism, he did <u>not</u> use violence or credible threats of violence when he committed his offense, and his offense did <u>not</u> result in death or serious bodily injury. USSG § 4C1.1(a)(2)–(4). It is consistent with this reading to require the defendant to show that he did <u>not</u> receive an adjustment for an aggravating role and that he was <u>not</u> engaged in a continuing criminal enterprise. Because Magallanes-Flores did receive an adjustment for having an aggravating role in his offense, he is not eligible for relief under § 4C1.1(a)(10).

This reading is consistent with the recent decision in <u>Pulsifer v. United States</u>, 148 S.Ct. 718 (2024), where the Supreme Court looked at whether a safety-valve eligibility checklist required a defendant to show that he did not meet criteria A, B, <u>and</u> C, or A, B, <u>or</u> C. As the Court explained, defendants can show eligibility for safety valve relief (which exempts them from an otherwise mandatory minimum sentence) if, among other criteria, the court finds at sentencing that the defendant does not have more than four criminal points, excluding any criminal history points resulting from a 1-point offense; a prior 3-point offense; and a prior 2-

7

point violent offense. Id. at 724 (citing 18 U.S.C. § 3553(f)). The court parsed the grammatical structure of the statute as well as its text and context to conclude that the paragraph created an eligibility checklist specifying three necessary conditions for safety-valve relief, rather than creating a requirement that the defendant show he did not have the combination of the conditions. Id. at 725.

The same is true for USSG § 4C1.1. The guideline sets out an eligibility checklist for a defendant to qualify for a sentence reduction. Included in the checklist is a requirement that he did not receive an adjustment under § 3B1.1 for an aggravating role and that he was not engaged in a continuing criminal enterprise. A defendant cannot qualify for a sentence reduction if he does not meet all the criteria in the checklist.

Other district courts that have examined the issue have reached this conclusion. See, e.g., United States v. Martin, No. 2:15-cr-00235-TLN, 2024 WL 2189635, at *2 (E.D. Cal. May 15, 2024) (concluding that "§ 4C1.1(a) unambiguously requires a defendant to meet all criteria listed in that section, including the tenth criterion, which precludes eligibility if the defendant received an adjustment under § 3B1.1."); United States v. Abdallah, No. 19-20821, 2024 WL 1758227, at *3 (E.D. Mich. Apr. 23, 2024) (finding that § 4C1.1(a)(1) "is properly read to exclude any defendant who either had an Aggravating Role adjustment or engaged in a continuing criminal enterprise."); United States v. Vladimirov, No. 2:20-cr-00054, 2024 WL 1468933 at *1 (S.D.W.V. Apr. 4, 2024) (rejecting argument that defendant was disqualified for a sentence reduction only if "he received an Aggravating Role adjustment and was engaged in a continuing criminal enterprise."); United States v. Arroyo-Mata, No. 1:09-cr-13-TCB, 2024 WL 1367796, at *3 (N.D. Ga. Apr. 1, 2024) (collecting cases and finding defendant ineligible

8

for a sentence reduction under USSG § 4C1.1(a)(1) because he received a 2-level upward adjustment under USSG § 3B1.1 for his role in his offense); United States v. Owusu, No. 3:18cr77-TKW, 2023 WL 9328368, at *1 (N.D. Fla., Nov. 21, 2023) "[A]s a matter of logic, if a zero-point offender is only eligible for a 2-level decrease when both A and B are false, then it necessarily follows that he is not eligible if either A or B is true.")

Finally, the Sentencing Commission has recognized that a question has been raised about whether the "and" in subsection (a)(10) is disjunctive or conjunctive and stated the following in its proposed amendments for 2024: "The Commission intended § 4C1.1(b)(10) to track the safety valve criteria at 18 U.S.C. § 3553(f)(4) and be applied by courts in the same way—namely, that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions in the provision." U.S. SENT'G COMM'N, PROPOSED AMENDMENTS TO THE SENTENCING GUIDELINES (2023) at 89. To address the issue, the Sentencing Commission proposes a technical change to § 4C1.1 to divide subsection (a)(10) into two separate provisions, clarifying the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the disqualifying conditions listed in the provision. Id. at 89–90. Although the change has not yet been made, it will take effect on November 1, 2024, barring disapproval by the United States Congress.

## III. CONCLUSION

For the reasons discussed above, the court concludes that Magallanes-Flores is not entitled to relief on his motion brought pursuant to 18 U.S.C. § 3582(c)(2) and, therefore, his motion, ECF No. 127, is **DENIED**.[2]

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 10, 2024

Michael F. Urbanski
Chief United States District Judge

---

[2] Because the court finds that a sentence reduction is not consistent with § 1B1.10, it does not reach the analysis of the § 3553(a) factors. Dillon, 560 U.S. at 827.