CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/9/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
      DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 4:12-cr-00025** |
| **v.** | ) | |
| | ) | **By:    Michael F. Urbanski** |
| **RAUL MAGALLANES-FLORES,** | ) | **Senior United States District Judge** |
| **Defendant-Petitioner** | ) | |

**MEMORANDUM OPINION**

Raul Magallanes-Flores, proceeding pro se, has filed two motions for a sentence reduction. In the first motion, ECF No. 143, he seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for compassionate release. The federal public defender (FPD) was given an opportunity to supplement his motion but declined to do so. ECF Nos. 145, 146. The government filed a response in opposition. ECF No. 152. In the second motion, ECF No. 153, Magallanes-Flores seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). The court did not order a response to the motion as it is clear that Magallanes-Flores is not entitled to relief. As set forth below, both motions are **DENIED**.

**I. BACKGROUND**

On December 18, 2012, Magallanes-Flores and two codefendants were indicted on one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Indictment, ECF No. 3. On January 19, 2016, Magallanes-Flores entered into a non-binding plea agreement where he pled guilty to the lesser included offense of conspiring to distribute a measurable quantity of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Magallanes-Flores faced a statutory maximum sentence of 20 years. Pre-Sentence Investigation Report (PSR), ECF No. 134 ¶ 60; 21 U.S.C. § 841(b)(1)(C). He had an offense level of 38 based on drug weight of 450 kilograms of cocaine. PSR, ECF No. 134 ¶ 33. He received a 3-level increase under USSG § 3B1.1(b) for his role as a manager or supervisor in the offense and because the criminal activity involved five or more participants or was otherwise extensive. Id. ¶ 36. He received a 3-level decrease for acceptance of responsibility, leaving him with a total offense level of 38. Id. ¶ 40–42. Magallanes-Flores received zero criminal history points, giving him a criminal history category of I. Id. ¶¶ 45, 46. His criminal history category together with his total offense level resulted in a sentencing range of 235 to 280 months. However, because the statutory maximum sentence was 20 years, his guidelines range was 235 to 240 months under USSG § 5G1.1(c)(1). PSR, ECF No. 134 ¶ 61.

On July 14, 2016, Magallanes-Flores was sentenced to 235 months of incarceration and 3 years of supervised release. J., ECF No. 80. Magallanes-Flores sought post-conviction relief in the form of a direct appeal and a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, both of which were denied. ECF Nos. 83, 101, 102, 107, 110, 125, 126. He also filed a motion to reduce his sentence pursuant to Amendment 821 of the guidelines, ECF Nos. 127, 139, which the court denied. ECF Nos. 141, 142.[1] Magallanes-Flores is incarcerated at Federal Correctional Institution Yazoo City Low II and has a projected release date of June 7, 2031.[2]

---

[1] The Hon. Jackson L. Kiser presided over this case through the dismissal of Magallanes-Flores's motion to vacate. Upon Judge Kiser's passing, the case was transferred to the undersigned.

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Raul Magallanes-Flores") (last viewed May 29, 2026).

## II. ANALYSIS

### A. 18 U.S.C. § 3582(c)(1)(A)

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Magallanes-Flores's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### 1. Exhaustion

Exhaustion is a non-jurisdictional threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). The requirement is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to

appeal the Bureau's decision <u>or</u> waits 30 days from the date of their initial request to file a motion in the district court." <u>Id.</u> at 131. Magallanes-Flores submitted a request to the warden at the facility where he was being held but received no response. ECF No. 143 at 7. The government does not contest exhaustion and the court finds that Magallanes-Flores satisfied the exhaustion requirement.

### 2. Extraordinary and Compelling Reasons

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. <u>See</u> U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

Magallanes-Flores claims that if he were sentenced today he would receive a significantly shorter sentence because of "modern sentencing practices and the reduced emphasis on harsh mandatory minimums—especially for non-violent drug offenses[.]" Mot., ECF No. 143 at 4. This vague and conclusory allegation is insufficient to state a claim for a sentence reduction. <u>See</u> <u>United States v. Royal</u>, No. 1:19CR00049, 2025 WL 1163734, at *2 (W.D. Va. Apr. 22, 2025) (Jones, J.) (denying compassionate release where inmate made only

conclusory allegation that he was not receiving needed mental health treatment); and United States v. Rodgers, No. 4:11-CR-87-FL-1, 2020 WL 3404737, at *2 (E.D.N.C. June 19, 2020) ("The court will not grant compassionate release based solely on defendant's unsupported assertions ….")

Magallanes-Flores also cites his efforts at rehabilitation as a ground for a sentence reduction. However, not only did he not submit any evidence regarding rehabilitation, the policy statement provides that rehabilitation is not, by itself, an extraordinary and compelling reason for a sentence reduction. USSG § 1B1.13(d). As he has failed to present evidence demonstrating an extraordinary and compelling reason for a sentence reduction, the court **DENIES** Magallanes-Flores's motion.[3]

### B. 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10

Magallanes-Flores also seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision of the statute provides that a court may modify a term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) and after considering the factors set forth in section 3553(a) to the extent they are applicable, and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement is found at USSG § 1B1.10 and directs that a court "must first determine that a reduction is consistent with § 1B1.10 before it may consider

---

[3] As Magallanes-Flores has not shown an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010). The Sentencing Commission designates the amendments that may be applied retroactively by listing them in § 1B1.10(d). <u>United States v. Williams</u>, 808 F.3d 253, 257 (4th Cir. 2015). A reduction in the defendant's term of imprisonment is not consistent with the policy statement and therefore may not be applied retroactively if the amendment authorizing the reduction is not listed in § 1B1.10(d). USSG § 1B1.10(a)(2)(A). In other words, the court can only apply the revised guideline if the Sentencing Commission has made the amendment retroactive, which it indicates by listing it in § 1B1.10(d).

Magallanes-Flores seeks a sentence reduction under Amendment 833, which, in relevant part, revised USSG § 2D1.1(a)(5) to amend the mitigating role provisions to refine the drug trafficking guideline in cases where an individual receives an adjustment under §3B1.2. USSG App. C, Vol. IV at 296 (Nov. 1, 2025). The Sentencing Commission explained the following:

> The amendment expands the circumstances in which an adjustment under §3B1.2 is warranted in §2D1.1 cases by instructing courts that an adjustment is generally warranted if the defendant's "primary function" in the offense was performing a low-level trafficking function. Section 2D1.1(e)(2)(A) directs the court to determine whether an adjustment under §3B1.2 applies as a court already does under the Guidelines Manual. Section 2D1.1(e)(2)(B) then provides that, in addition to the circumstances identified in §3B1.2, an adjustment under §3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function. Thus, a defendant sentenced under §2D1.1 may qualify for a mitigating role adjustment under §3B1.2 by direct application of that adjustment or by use of the special instruction in §2D1.1(e)(2)(B).

Id. at 297. At sentencing, Magallanes-Flores received 3 status points for his role as a manager or supervisor in the drug distribution conspiracy. PSR, ECF No. 134 ¶ 36. He argues that under the revision to the guidelines he is entitled to a sentence reduction because his role in the conspiracy was overstated. Mot., ECF No. 153.

Magallanes-Flores's claim fails for two reasons. First, Amendment 833 is not listed at USSG § 1B1.10(d), meaning that it was not made retroactive and therefore cannot serve as the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Guzman-Dominguez, No. 2:16-cr-0580-RB, 2026 WL 1465467, at *2 (D.N.M. May 26, 2026); United States v. Seigler, Nos. 1:16CR00041-005, 1:17CR00034-001, 2026 WL 353239, at *1 (W.D. Va. Feb. 9, 2026) (citations omitted).

Second, even if the revision were made retroactive, Magallanes-Flores would not be entitled to a finding that he was performing a low-level trafficking function. "Low-level" trafficking functions are described as serving as a courier, running errands, sending or receiving phone calls or messages, acting as a lookout, and distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit. USSG § 2D1.1(e)(2)(B).

The PSR described Magallanes-Flores as being a manager or supervisor of the conspiracy, but not an organizer or leader. PSR, ECF No. 134 ¶ 36. The characterization was based on statements describing Magallanes-Flores as the boss of the conspiracy who directed all aspects of the distribution of cocaine and marijuana. Id. ¶ 12. Magallanes-Flores would receive orders for cocaine and then direct others as to the details of the delivery. Id. He stored 200 pounds of marijuana at his residence for distribution, id. ¶ 15, directed others to count

and package the drug proceeds for shipment to Mexico, id. ¶ 17, and paid people to use their names to facilitate wire transfers of money to Mexico, and to transport cash to Mexico. Id. In June 2010, law enforcement officers raided a trailer where Magallanes-Flores had been directing drug activity, seizing $89,924 in drug proceeds, 1.8 kilos of powder cocaine, 1.64 grams of crack cocaine, 174 pounds of marijuana, and 13 firearms. Id. ¶ 23. In sum, Magallanes-Flores delivered large quantities of cocaine to local drug dealers and was held responsible for more than 450 kilograms of cocaine. Id. ¶ 28. At the sentencing hearing, the court said that it had "very little hesitancy in saying that Mr. Flores was the head of the conspiracy; that it was a major conspiracy." Tr. of Sent. H't'g, ECF No. 95 at 33. The court said that the conclusion was borne out not only by testimony of the witnesses, but by the amount of money involved, which it described as "breathtaking." Id.

Nothing in the record supports Magallanes-Flores's contention that he was a "low-level" participant in the conspiracy or entitled to a decrease in his total offense level based on his relative culpability. Therefore, even if Amendment 833 were applied retroactively, the adjustment for low-level traffickers would not be applicable to Magallanes-Flores. Accordingly, his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) is **DENIED**.

### III. CONCLUSION

For the reasons discussed, the court **DENIES** Magallanes-Flores's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. 143, and **DENIES** his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), ECF No. 153.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: June 8, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.08 15:45:54
-04'00'

Michael F. Urbanski
Senior United States District Judge